EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

BEVERLY WEE SAMESHIMA #2556
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Beverly.Sameshima@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 3 0 2003

at 10 o'clock and 38 min. A. M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. CR03-00374 SOM |
| | ) | |
| Plaintiff, | ) | INDICTMENT |
| | ) | |
| vs. | ) | [21 U.S.C. §§ 846, 841 and 853] |
| | ) | |
| | ) | |
| DAREN KAWIKA MARTIN, also | ) | |
| known as "KAWIKA," | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

INDICTMENT

Count 1

The Grand Jury charges that:

From a date unknown to the grand jury up through and

including on or about April 9, 2003, in the District of Hawaii,

and elsewhere, the Defendant, DAREN KAWIKA MARTIN, aka "KAWIKA"

did conspire with other persons known and unknown to the Grand

Jury, to knowingly and intentionally possess with intent to

distribute 50 grams or more of methamphetamine, its salts,

isomers and salts of its isomers, approximately 1761 grams, a

Schedule II controlled substance, in violation of 21 U.S.C.

Sections 841(a)(1) and (b)(1)(B).

<u>OVERT ACTS</u>

In furtherance of and in order to accomplish the

objects of this conspiracy, the Defendant and his co-conspirators

performed overt acts in the District of Hawaii, and elsewhere,

including but not limited to, the following:

1.   In or around early April 2003, Defendant agreed to

purchase multi-pound quantities of methamphetamine from an

individual who resides in Las Vegas, Nevada.

2.   On or about April 6, 2003, Defendant agreed to

purchase four pounds of methamphetamine from the individual which

the parties agreed would be sent from Las Vegas, Nevada, to the

Defendant in Honolulu, Hawaii.

3.   On or about April 7, 2003, the individual from Las

Vegas, Nevada, met with Defendant in Honolulu, Hawaii to further

discuss the purchase and sale of methamphetamine.  Defendant

provided the individual with the name and address of where to

send the methamphetamine.

4.   On or about April 8, 2003, the individual caused a Federal Express parcel containing approximately 1761 grams of methamphetamine to be sent from Las Vegas, Nevada, to the Defendant at the address provided by the Defendant to the individual.

All in violation of 21 U.S.C. § 846.

### Count 2

The Grand Jury further charges that:

On or about April 9, 2003, Defendant DAREN KAWIKA MARTIN, aka "KAWIKA" did knowingly and intentionally attempt to possess with intent to distribute, 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, to wit, approximately three pounds, a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1).

### Count 3

The Grand Jury further charges that:

As a result of committing the offense alleged in Count 2 of this Indictment, Defendant DAREN KAWIKA MARTIN, aka "KAWIKA" shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting, or derived from, any proceeds which Defendant DAREN KAWIKA MARTIN, aka "KAWIKA" obtained, directly or indirectly, as the result of such offense and any and all property used, or intended to be used, in any manner or part,

to commit, or to facilitate the commission of, such offense

including but not limited to the following:

> Approximately Forty-Five Thousand Nine
> Hundred Sixty Dollars ($45,960) in
> United States Currency

If any of the above-described forfeitable property, as

a result of any act or omission of the Defendant --

1.    cannot be located upon the exercise of due
      diligence;

2.    has been transferred or sold to, or deposited
      with, a third person;

3.    has been placed beyond the jurisdiction of the
      court;

4.    has been substantially diminished in value; or

5.    has been commingled with other property which
      cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.

§ 853(p) to seek forfeiture of any other property of the

Defendant up to the value of the above forfeitable property.

//

//

//

//

//

//

//

//

4

All in violation of Title 21, United States Code,
Section 853.

DATED: _____*July 30*_____, 2003, Honolulu, Hawaii.

A TRUE BILL

/s/

_____
FOREPERSON, GRAND JURY


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


_____
FLORENCE T. NAKAKUNI
Chief, Narcotics Section


_____
BEVERLY WEE SAMESHIMA
Assistant U.S. Attorney


United States v. DAREN KAWIKA MARTIN
"Indictment"
Cr. No.